## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

No. 5:11-CT-3234-BO

| | |
|---|---|
| ERIC M. MCMILLIAN, | ) |
| Plaintiff, | ) |
| | ) |
| v. | )       O R D E R |
| | ) |
| NEUSE CORRECTIONAL CENTER, et al.,) | |
| Defendants. | ) |

Eric M. McMillian ("McMillian") filed this 42 U.S.C. § 1983 action. He names Neuse
Correctional Center and Teressa Hobbs as defendants. The matter is properly before the court for
a frivolity determination pursuant to 28 U.S.C. § 1915(e)(2). A claim having no arguable basis
in law or in fact may be dismissed as frivolous. Neitzke v. Williams, 490 U.S. 319 (1989).

Plaintiff's allegations are difficult to decipher, but he appears to allege that while he was
in segregation at Neuse Correctional Center he was charged with a disciplinary infraction and
found guilty of masturbating. Teressa Hobbs is alleged to be a certified Health Assistant and the
individual who "wrote him up" for the conduct for which he received a disciplinary infraction.
While he readily admits he was touching his genitals, he argues he was applying medication, and
thus that he was wrongfully charged and found guilty. He makes blanket assertions about female
staff and that they should not be allowed on the segregation floor; that he wrote three grievances
which have not been properly resolved; and that the temperature is "below comfortable," and
when he goes to outside recreation "inmates are not allowed the necessity of thermals awarded to
all other inmates at Neuse Correctional Institution."

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right
secured by the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Additionally, a section 1983 plaintiff must allege the personal involvement of a defendant. See, e.g., Iqbal, 129 S. Ct. at 1948; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

Before turning the actual claims, the court finds that defendant Neuse Correctional Center, a detention center, is not a properly named party. Actions filed pursuant to § 1983 must be directed at persons. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Preval v. Reno, No.2000 WL 20591, 203 F.3d 821, * *1 (4th Cir.2000); see also Moore v. City of Asheville, 290 F. Supp.2d 664, 673 (W.D.N.C.2003), aff'd, 396 F.3d 385 (4th Cir. 2005) (dismissing claims against city police department for lack of capacity). Likewise, "it has long been recognized that arms of the State are not 'persons' for purposes of § 1983." Hewitt v. South Carolina Dep't of Corrections, 2011 WL 505200 (D.S.C. Jan. 24, 2011) (citing Will, 491 U.S. at 70-71); see also Ngiraingas v. Sanchez, 495 U.S. 182 (1990); and Smith v. N.C.D.O.C., 2007 WL 1200097 (W.D.N.C. 2007). Therefore, Neuse Correctional Center is DISMISSED as a party.

Secondly, if plaintiff is attempting to raise an issue about the grievance procedure, the state grievance procedure does not confer a substantive right upon inmates. Thus, the alleged failure of detention officials to properly handle plaintiff's grievance forms does not raise an actionable claim under § 1983. See Daye v. Rubenstein, 417 Fed. App'x 317, *2 (4th Cir. 2011) (unpublished); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994).

2

Next, if plaintiff is alleging Due Process violations stemming from unfair administrative disciplinary proceedings, the claim fails. In a prison disciplinary hearing which result in the loss of good time credits,[1] the procedural due process safeguards are: (1) written notice of the charges; (2) a written statement by the factfinder as to the evidence relied on and reasons for the disciplinary action; and (3) a limited right to call witnesses and present documentary evidence when it would not be unduly hazardous to institutional safety or correctional goals to allow the inmate to do so. Wolff v. McDonnell, 418 U.S. 539, 565-66 (1974). However, plaintiff does not contend he was not given proper procedural due process within the disciplinary hearing.

Plaintiff's claim appears to go to the validity of the disciplinary finding of guilt. The Supreme Court has stated that a decision by a disciplinary board to revoke good-time credits passes scrutiny under the Due Process Clause if there is some evidence in the record to support the conclusions. Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 454 (1985). "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact. Revocation of good time credits is not comparable to a criminal conviction, and neither the amount of evidence to support such a conviction, nor any other standard greater than some evidence applies in this context." Id. at 456 (internal citations omitted). Federal courts will not review the entire record, weigh evidence, or assess witness credibility. Id. at 455-56. A disciplinary board's findings will be disturbed only when unsupported by any evidence or wholly arbitrary and capricious. Id. at 457; see also Baker v. Lyles, 904 F.2d 925, 933 (4th Cir.1990) (record of prison disciplinary hearing

---

[1]The court notes that it is not even clear whether good time credit was taken from plaintiff as a result of the disciplinary infraction.

need not establish reliability of confidential informant to meet "some evidence" standard.) Here, plaintiff admits that he was touching his genitals, which is some evidence of the alleged conduct. The claim is dismissed.

As for McMillian's claim regarding the temperature, a prisoner has a clearly established protected right to be free from an excessive risk to health or safety of which a prison official knows or consciously or intentionally disregards. Farmer v. Brennan, 511 U.S. 825, 835 (1994). A plaintiff must show both "(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir.1993) (internal quotation marks omitted). The first prong requires the court to determine whether the deprivation was objectively sufficiently serious, while the second prong requires the court to determine whether the officials acted with a subjectively sufficiently culpable state of mind. Id. (citing Wilson v. Seiter, 501 U.S. 294, 298(1991)). "[D]eliberate indifference entails something more than mere allegation, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer, 511 U.S. at 835. "It requires that a prison official know of and disregard [an] objectively serious condition, medical need, or risk of harm." Shakka v. Smith, 71 F.3d 162, 166 (4th Cir.1995) (citing Farmer, 511 U.S. at 837). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 at 837.

4

McMillian alleges that his cell was "below comfortable," and when he goes to outside recreation "inmates are not allowed the necessity of thermals awarded to all other inmates at Neuse Correctional Institution." These assertions fail to allege that any defendant was deliberately indifferent. (Compl., IV "Statement of Claim") McMillian does not allege any resulting injury from the temperature, nor does he assert knowledge amounting to deliberate indifference on the part of Teressa Hobbs or any other unnamed defendant. (Id.) He also states that due to the temperature inmates must, and do, use blankets to stay warm. (Id.) McMillian fails to make a claim under the Eighth Amendment. See, e.g., Williams v. Ozmint, No. 3:08-cv-4139-GRA, 2010 WL 3814287, at *8 (D.S.C. Sept. 23, 2010) (unpublished) (defendants were not deliberately indifferent to plaintiff's placement in a cell which "was 'so cold as to [cause him] to catch a cold or flu'" where they "provided Plaintiff with clothing . . . and ensured that he was monitored by medical personnel"); Coil v. Peterkin, No. 1:07CV145, 2009 WL 3247848, at *4 (M.D.N.C. Oct. 5, 2009) (unpublished) (no injury to detainee who "'might' have gotten a cold" where jail provided detainee with extra blankets and cold medication), aff'd, 401 F. App'x 773 (4th Cir. Nov. 12, 2010) (per curiam) (unpublished).

As for McMillian's challenge about "female sightings inside segregation that expose inmates to 'opposite nudity' concerning female staff[,] " he fails to state a claim.

> A prison shares none of the attributes of privacy of a home, an automobile, an
> office, or a hotel room. We strike the balance in favor of institutional security,
> which we have noted is central to all other corrections goals . . . . We are satisfied
> that society would insist that the prisoner's expectation of privacy always yield to
> what must be considered the paramount interest in institutional security. We
> believe that it is accepted by our society that loss of freedom of choice and privacy
> are inherent incidents of confinement.

5

Hudson v. Palmer, 468 U.S. 517, 527 (1983); see Meckley v. Federal Correctional Institute, 905 F.2d 1530 (table), 1990 WL 73511, at *1 (4th Cir. 1990) (per curiam) (unpublished) (no right to private toilet and shower facilities; citing Rhodes v. Chapman, 452 U.S. 337 (1982)), cert. denied, 498 U.S. 960 (1990); Lee v. Downs, 641 F.2d 1117, 1119 (4th Cir.1981) ("Persons in prison must surrender many rights of privacy which most people may claim in their private homes."). Moreover, "[a] male inmate's right to privacy is generally not violated by the occasional, inadvertent observation by female guards." Lucas v. Ruth, C/A No. 1:10–2465–TLW–SVH, 2011 WL 1831754, at *4 (D.S.C. Feb. 15, 2011) (unpublished) (collecting cases), report and recommendation adopted, 2011 WL 1827773 (D.S.C. May 13, 2011) (unpublished). McMillian is not constitutionally entitled to the level of privacy he seeks, and his claim fails.

Accordingly, the matter is DISMISSED as frivolous. Having so determined, all other pending motions are DENIED as MOOT [D.E. 3].

SO ORDERED, this *18* day of May 2012.

Terrence W. Bayly

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE